UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAQUSHA NACOLE JONES, individually and as guardian of minor children, D.K., A.K., S.K., A.K., and S.K., <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF SACRAMENTO, OFFICER JOHN CUMBERLAND (#1040), OFFICER JUSTIN JOHNSON (#0786), OFFICER DEVAN PINGREE (#1049), OFFICER MICHAEL PINOLA (#0279), and OFFICER MARK SMALLING (#1041), <br><br> Defendants. | No. 2:20-cv-00900-DJC-KJN <br><br> ORDER DENYING WITHOUT PREJUDICE PETITION TO APPROVE MINORS' COMPROMISE |

Plaintiff Taqusha Nacole Jones brings a § 1983 lawsuit against the City of Sacramento and several individual officers (together, "Defendants"), based on an alleged unreasonable search and seizure of Plaintiff and her Minor Children (together, "Plaintiffs") while they were at home and while the police were seeking a person on parole who did not reside at the home. Plaintiff, on behalf of herself and her children,

have settled their claims against Defendants and now seek approval of that settlement, called a "Minors' Compromise" (ECF No. 36).  For the reasons set forth below, the Court denies without prejudice the proposed Minors' Compromise and asks for supplemental briefing regarding the issues identified in this Order.  The parties have 21 days from the filing of the Order to file any supplemental briefing or sworn affidavits and declarations in support of the renewed petition for approval of the Minors' Compromise.

## BACKGROUND

This lawsuit and accompanying Minors' Compromise stem from an encounter on May 6, 2019 between several police officers employed by the City of Sacramento and Plaintiff, her Minor Children, and two friends who are senior citizens that also live and reside at 817 Evans Street, Sacramento, CA.  (*See* First Am. Compl. (ECF No. 9) ¶¶ 1, 13–14 ("First Amended Complaint" or "FAC").)  At or around 5:00 AM on May 6, 2019, Plaintiff and her Minor Children woke up to the police banging on their door.  (*See id.* ¶ 15.)  In a rush, Plaintiff placed a blanket around her body to cover her and then went to the door.  (*See id.* ¶ 16.)  Once Plaintiff got to the door, the police demanded that Plaintiff let them into the home, which Plaintiff refused without a warrant.  (*See id.* ¶ 17.)  One of the police officers then entered the home by forcing their hand through an open window to turn the handle of the door.  (*See id.* ¶ 18.)

Once the police were inside Plaintiff's home, the police began searching the home for a person named "James Kenny" who did not live and had never lived at 817 Evans Street, Sacramento, CA.  (*See* FAC ¶¶ 13, 21, 23, 26.)  Plaintiff and some of the Minor Children told the police that James Kenny did not and had never lived at their home.  (*See id.* ¶ 26.)

"After [being informed that James Kenny did not reside at the home], without provocation, one of the Defendant OFFICERS grabbed [Plaintiff], threw her against her clothes dryer, and handcuffed her.  As he did this, the blanket [Plaintiff] was holding around her fell to the ground and left her partially nude."  (FAC ¶ 27.)  The

2

police then forced Plaintiff to sit on the couch while in handcuffs. (*See id.* ¶ 28.) Plaintiff and her Minor Children, who witnessed all of this, "felt as though she was not free to leave the room or the house and were concerned for her physical safety." (*Id.*)

The police then explained to Plaintiff that they did have a warrant, at which point they made Plaintiff walk outside to the police car to view the computer screen with the alleged warrant. (*See* FAC ¶¶29–30.) When Plaintiff saw the screen, however, the screen only showed James Kenney's name on it and provided no documentation. (*See id.* ¶ 30.) The police left shortly after this. (*See id.* ¶ 31.)

As a result of what happened on May 6, 2019, Plaintiff and her Minor Children "were left traumatized by the illegal entrance into their home and fearful that their home was no longer a safe place." (FAC ¶ 32.) Plaintiff first filed the Complaint on May 3, 2020. (*See* ECF No. 1.) Plaintiff then filed the First Amended Complaint on June 9, 2020. (*See* ECF No. 9.) The case did not pick up again until the trial was scheduled for January 8, 2024. (*See* ECF Nos. 28–29.) After the Final Pretrial Conference and before documents required by the Court's Trial Confirmation Order were due, Plaintiff and Defendants attended settlement conferences (*see* ECF Nos. 34–35) that culminated in the Stipulation for Approval of the Minors' Compromise and Proposed Order that Plaintiff's counsel filed on January 10, 2024. (*See* Stipulation for Approval of Minor's Compromise for Minor Plaintiffs D.K., A.K., S.K., and A.K. (ECF No. 36) ("Minor's Compromise"); Proposed Order Granting Approval of Minor's Compromise for Minor Plaintiff J.K. (ECF No. 36-1) ("Proposed Order").)

**DISCUSSION**

I.  **Legal Standard**

No claim by or against a minor or incompetent person may be settled or compromised absent an order by the Court approving the settlement or compromise. E.D. Cal. R. 202(b) (Mar. 1, 2022). The Local Rules require that the motion for approval of a proposed minor's compromise disclose, among other things: (1) the age and sex of the minor, (2) the nature of the causes of action to be settled or compromised, (3)

the facts and circumstances out of which the causes of action arose, including the time, place and persons involved, (4) the manner in which the compromise amount or other consideration was determined, including such additional information as may be required to enable the Court to determine the fairness of the settlement or compromise amount, and (5) if a personal injury claim, the nature and extent of the injury with sufficient particularity to inform the Court whether the injury is temporary or permanent.  *See* E.D. Cal. R. 202(b)(2).

Furthermore, the Ninth Circuit held in *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011) that Federal Rule of Civil Procedure 17(c) imposes a "special duty" on district courts approving a minor's compromise.  "[T]his special duty requires a district court to 'conduct its own inquiry to determine whether the settlement serves the best interests of the minor.'"  *Id.* (citations omitted).  However, this "special duty" has a limited scope of review, only asking "whether the net recovery of each minor plaintiff is fair and reasonable, without regard to the amount received by adult co-plaintiffs and what they have agreed to pay plaintiff's counsel."  *Id*. at 1182.  "If the net recovery of each minor plaintiff under the proposed settlement is fair and reasonable, the district court should approve the settlement as presented . . . ."  *Id*.  In making this determination, "courts typically consider such information as the relative worth of the settlement amount, the circumstances of the settlement, counsel's explanation of their views and experiences in litigating these types of actions, and other similar compromises that have been approved by courts."  *Rivett v. United States*, No. 2:21-CV-00717-DAD-AC, 2023 WL 4238909, at *2 (E.D. Cal. June 28, 2023) (collecting cases where the procedural posture was considered, the fact that the settlement occurred at a court-supervised settlement conference was considered, and other compromises were considered).

**II.   Analysis**

Plaintiff and the Minor Children together bring 10 state and federal law claims against Defendants based on federal question jurisdiction.  Although the Ninth Circuit

expressly limited its holding to "cases involving the settlement of a minor's federal claims[,]" *Robidoux*, 638 F.3d at 1179 n.2, where, as here, a court is exercising supplemental jurisdiction over federal state law claims, courts will apply the *Robidoux* standard to all of the claims, *see, e.g.*, *A.G.A. v. Cnty. of Riverside*, No. EDCV1900077VAPSPx, 2019 WL 2871160, at *3 (C.D. Cal. Apr. 26, 2019) (collecting cases). *Accord Cantu v. Kings Cnty.*, No. 1:20-cv-00538-JLT-SAB, 2023 WL 8806569, at *3 (E.D. Cal. Dec. 20, 2023) (quoting *Calderon v. United States*, No. 1:17-cv-00040-BAM, 2020 WL 3293066, at *3 (E.D. Cal. June 18, 2020)), *R. & R. adopted*, 2024 WL 169153 (E.D. Cal. Jan. 16, 2024).

Here, the Court concludes that it cannot approve the Minors' Compromise or Proposed Order because it cannot find that the Minors' Compromise is "fair and reasonable, in light of the facts of the case, [each] minor's specific claim, and recovery in similar cases." *Robidoux*, 638 F.3d at 1182. Moreover, some courts have approved a minor's compromise where the petition to approve the minor's compromise lacked all of the information required under the Local Rules but the information could be obtained by reference to materials in the docket. *See, e.g.*, *McCue v. S. Fork Union Sch. Dist.*, No. 1:10-CV-00233-LJO, 2012 WL 2995666, at *3-4 (E.D. Cal. July 23, 2012) (noting that "[t]he Court was able to dig through the filings and determine" the required information in a case involving Plaintiffs' counsel here). Here, however, the Court cannot find all of the information required by the Local Rules.

More specifically, despite independently reviewing the materials filed in this case, the Court cannot determine:

> the age and sex of each minor or incompetent, . . . the facts and circumstances out of which the causes of action arose, including the time, place, and persons involved, the manner in which the compromise amount or other consideration was determined, including such additional information as may be required to enable the Court to determine the fairness of the settlement or compromise, and, if a personal injury claim, the nature and extent of the injury with sufficient particularity to inform the Court whether the injury is temporary or permanent.

5

E.D. Cal. R. 202(b)(2).  The Court understands that, generally, this case involves the unlawful search and seizure of Plaintiff and her Minor Children at their home at or around 5:00 AM on May 6, 2019, and the Court appreciates that Plaintiff endured most of the harm resulting from this incident.  However, the Court has no way of understanding or appreciating the harms suffered by the Minor Children, and the Minors' Compromise and Proposed Order have failed to even disclose whether the injuries the Minor Children suffered are permanent or temporary.  In fact, it is not even clear to the Court from the Minors' Compromise or the Proposed Order which of the Minor Children will benefit from the Minors' Compromise.  For instance, the Minors' Compromise states that it is for "Minor J.K." (Minors' Compromise at 1) but then provides the names and ages for the Minor Children except J.K. (*id.* at 3), whereas the Proposed Order mentions that it is a "petition for Minor's Compromise for D.K." (Proposed Order at 1) but states that Plaintiff will be paid the entirety of the settlement award "individually and for the benefit of minor Plaintiffs" (*id.* at 2) yet describes the "Payment of Fees and Expenses on Behalf of Minor R.J." (*id.* at 1), a child not once mentioned in this case.  Moreover, while the Court can discern the age of each of the Minor Children except for J.K. (Minors' Compromise ¶ 1), the Court cannot discern the gender of any of the Minor Children (that is, J.K., D.K., A.K., S.K., and A.K.).  Further underscoring the Court's problems is that a minor "J.K." is not mentioned as one of the parties on the case docket, instead only listing D.K., A.K., S.K., A.K., and S.K.

In addition, Plaintiffs' counsel has failed to abide by other requirements of the Local Rules.  The Local Rules require that the attorney representing a minor

> disclose[ ] to the Court by whom and the terms under which the attorney was employed; whether the attorney became involved in the application at the instance of the party against whom the causes of action are asserted, directly or indirectly; whether this attorney stands in any relationship to that party; and whether the attorney has received or expects to receive any compensation, from whom, and the amount.

E.D. Cal. R. 202(c).  The Minors' Compromise only states that "[t]his petition was prepared by the Walters Law Firm, the lead counsel representing plaintiffs in this

6

action[,]" and that "[t]he Law Offices of Timothy Reed also represent plaintiffs and agree with the terms of this petition[,]" disclosing that "Timothy Reed, Esq. . . .became involved in this case to serve as local counsel and does not expect to receive any compensation for their services in connection with this settlement." (Minors' Compromise ¶ 5.)  The Court appreciates that The Law Offices of Timothy Reed will not receive compensation as local counsel, and that the Walters Law Firm will receive fees but no costs. (*See* Minors' Compromise ¶¶ 3, 5.)  But the Minors' Compromise says nothing about how the Walters Law Firm came to represent Plaintiffs and her Minor Children and under what terms, failing to even disclose their retainer agreement.  *Compare with A.G.A.*, 2019 WL 2871160, at *1.

The Minors' Compromise and Proposed Order also fails to comply with Local Rule 202(e), which requires money or property recovered on behalf of a minor to be "(1) disbursed to the representative pursuant to state law upon a showing that the representative is duly qualified under state law, (2) disbursed otherwise pursuant to state law, or (3) disbursed pursuant to such other order as the Court deems proper for the protection of the minor . . . ."  Although the Proposed Order states that the entirety of the net settlement award of $252,000 shall be paid out to "Taqusha Jones (individually and for the benefit of minor Plaintiffs)[,]" (Proposed Order at 2), California law requires a structured settlement annuity or some similar locked-in, fixed-term investment vehicle for settlements exceeding $5,000, and permits the parents or other guardian to hold the money for the minor in trust until the minor reaches the age of majority so long as the parent or guardian swears by oath "that the total estate of the minor, including the money or other property to be paid or delivered to the parent, does not exceed five thousand ($5,000) in value." Cal. Prob. Code § 3401(c)(2), *see* Cal. Prob. Code § 3611; *see, e.g.*, *Beck v. Camp Pendleton & Quantico Housing LLC*, No. 20-CV-579-LAB-WVG, 2022 WL 18460770, at *2 (S.D. Cal. Nov. 14, 2022) (permitting procedure whereby parent would hold minor's award in trust and collecting cases), *R. & R. adopted*, 2023 WL 411351 (S.D. Cal. Jan. 25, 2023); *Williams*

*v. Cnty. of Monterey*, No. 19-CV-01811-BLF, 2020 WL 7342737, at *1–2 (N.D. Cal. Dec. 14, 2020) (noting that "district courts within the Ninth Circuit commonly order that such funds be deposited into a blocked account for the minor's benefit." (collecting cases)); *see also* Cal. Prob. Code § 3400 (excluding from the definition and computation of the "total estate of the minor" any "'Custodial property' held pursuant to the California Uniform Transfers to Minor Act" and "[a]ny money or property subject to court order" under Cal. Prob. Code § 3602(c)); Cal. Prob. Code § 3412 (providing procedures for terminating guardianship and disposing of money when the sole asset of the guardianship estate is money).

Furthermore, the Court lacks factual material that would allow the Court to understand the nature and extent of the Minor Children's injuries under Local Rule 202(b)(2), which, as a result, prevents this Court from determining whether the Minors' Compromise is "fair and reasonable, in light of the facts of the case, [each] minor's specific claim, and recovery in similar cases." *Robidoux*, 638 F.3d at 1182.  Even if it is the case, as it appears to be, that the principal harm was suffered mostly by Plaintiff, the Minors' Compromise must disclose what – if any – compensation the Minor Children will receive and how that compensation will be disbursed and whether the Minor Children will be paid individually or collectively. *See, e.g.*, *Garcia v. Cnty. of Kern*, No. 1:20-cv-0093 NONE JLT, 2021 WL 3674519, at *2 (E.D. Cal. Aug. 19, 2021) (requiring the plaintiff to submit supplemental briefing on this issue and to file an affidavit swearing that any lump sum payments to the parent would be used for the benefit and care of the minors), *R. & R. adopted sub nom. Garcia v. United States*, 2021 WL 3813414 (E.D. Cal. Aug. 26, 2021); *Cantu*, 2023 WL 8806569, at *5 ("However, the actual petition makes no mention of the manner of disbursement, and the Court will not rely on a vague statement in the proposed order.").

Finally, Plaintiff has failed to identify any similar cases, either substantively or procedurally, from which this Court can discern whether the recovery for each minor is "fair and reasonable, in light of the facts of the case, [each] minor's specific claim, and

recovery in similar cases." *Robidoux*, 638 F.3d at 1182.  Although this Court has a "special duty [that] requires a district court to 'conduct its own inquiry to determine whether the settlement serves the best interests of the minor[,]'" *Robidoux*, 638 F.3d at 1181 (quoting *Dacanay v. Mendoza*, 573 F.2d 1075, 1080 (9th Cir. 1978)), it is still Plaintiff's burden to provide  "such additional information as may be required to enable the Court to determine the fairness of the settlement or compromise," E.D. Cal. R. 202(b)(2), which, under the Ninth Circuit's standard in *Robidoux*, requires a comparison to "recovery in similar cases[,]" *Robidoux*, 638 F.3d at 1182.

## CONCLUSION

For the reasons set forth above, the Court DENIES WITHOUT PREJUDICE Plaintiff's Stipulation for Approval of the Minors' Compromise (ECF No. 36).  Plaintiff is instructed to file: (1) supplemental briefing addressing the issues outlined above and (2) an affidavit or declaration sworn under penalty of perjury stating how the money she will be paid will be used and whether that money will be used to benefit the Minor Children in any way.  *See, e.g.*, *Cantu*, 2023 WL 8806569, at *2; *Calderon*, 2020 WL 3293066, at *3.  Plaintiff has twenty-one (21) days from the filing of this Order to renew her Stipulation for Approval of the Minors' Compromise.

IT IS SO ORDERED.

Dated:  **February 12, 2024**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

DJC3 – Jones.20cv900.minors.compromise